DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, David J. Lewis, appeals the decision of the Summit County Court of Common Pleas finding him guilty of receiving stolen property and forgery. We affirm in part and reverse in part.
 {¶ 2} Defendant was indicted on March 25, 2005, for receiving stolen property, in violation of R.C. 2913.51(A), a fourth degree felony; two additional counts of receiving stolen property, in violation of the same section, both fifth degree felonies; forgery, in violation of R.C. 2913.31(A)(3), also a fifth degree felony, and receiving stolen property in violation of R.C.2913.51(A), a first degree misdemeanor. Defendant pled not guilty, and the case proceeded to a trial by jury on June 30, 2005. Prior to trial, the State dismissed Count 1 of the indictment, receiving stolen property, a fourth degree felony.
 {¶ 3} The jury found Defendant guilty of receiving stolen property, as set forth in count two of the indictment, forgery, as set out in Count four, and receiving stolen property, a first degree misdemeanor (Count twelve of the indictment). The trial court sentenced Defendant to nine months in prison on the fifth degree felonies, and six months in jail for the misdemeanor. The sentences were to run concurrently for a total term of nine months incarceration.
 {¶ 4} Defendant now appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred and violated [Defendant's] right to due process of law by journalizing two separate entries which are inconsistent and convict [Defendant] on additional counts, which were either dismissed and/or the jury did not find him guilty of."
 {¶ 5} In his first assignment of error, Defendant maintains that the trial court's two journal entries, one from July 21, 2005, and the other from August 8, 2005, are inconsistent and convict him of crimes of which he was not found guilty. The State agrees that the trial court's journal entries are inaccurate, but argues that the inconsistencies are merely the result of a clerical error.[1] Upon reviewing the sentencing transcript, whereby the trial court sentenced Defendant only on Counts 2, 4, and 12 of the indictment, we agree with the State that the trial court was not operating under a misapprehension or a mistake when it sentenced Defendant, but rather that it made a number of clerical errors in its two journal entries. We remand for the trial court to correct the numerous errors in its two journal entries.
 {¶ 6} The trial court's July 21, 2005 journal entry incorrectly states as follows: the Jury "returned their verdict in writing, finding said Defendant GUILTY of the crimes of RECEIVING STOLEN PROPERTY ["RSP"] as contained in Count 1 of the Indictment, [R.C.] 2913.51(A), a felony of the 4th degree[.]" As mentioned above, the charge of RSP as contained in Count 1 of the indictment was dismissed prior to trial. Accordingly, we remand for the above portion of the July 21, 2005 journal entry to be corrected by the trial court.
 {¶ 7} The trial court made two further errors in its August 8, 2005, journal entry by stating as follows: Defendant was "found GUILTY by a Jury Trial of [R.S.P.], as contained in Counts 2, 3, and 12 of the Indictment[.]" (Emphasis added). The court then proceeded to sentence Defendant "for a definite term of Nine (9) months on each of Two (2) counts * * * for punishment of the crime of [RSP], [R.C.] 2913.51(A), felonies of the 5th degree[.]" Defendant was found guilty by the jury of only one count of RSP; that was Count 2 of the indictment. Defendant was acquitted of the charge of RSP as set out in Count 3 of the indictment. We agree with both the State and Defendant that Defendant was found guilty of Counts 2, 4, and 12 of the indictment. On remand, the trial court is ordered to correct the aforementioned misstatements.
 {¶ 8} Defendant's first assignment of error is affirmed, and the matter is remanded back to the trial court.
 ASSIGNMENT OF ERROR II
"The conviction of [Defendant] for the charges of receiving stolen property and forgery are against the manifest weight of the evidence and should be reversed."
 ASSIGNMENT OF ERROR III
"The trial court erred to the prejudice of [Defendant] and in violation of [Crim.R.] 29(A), Article 1, Section 10 of the Ohio Constitution, and the Fourteenth Amendment to the Constitution of the United States, when it denied [Defendant's] motion for acquittal."
 {¶ 9} In his two remaining assignments of error, Defendant argues that his convictions were against the manifest weight of the evidence, and based upon insufficient evidence. Specifically, Defendant asserts that the State failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his convictions for RSP and forgery were against the manifest weight of the evidence presented at trial. An evaluation of the weight of the evidence is dispositive of the issues raised in both of these assignments of error, which we find to be lacking in merit.
 {¶ 10} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citing State v. Wolfe (1988),51 Ohio App.3d 215, 216. "`In essence, sufficiency is a test of adequacy.'" Smith at ¶ 7, quoting Thompkins,78 Ohio St.3d at 386.
 {¶ 11} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant maintains that her conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 12} This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. A finding that a conviction is supported by the weight of the evidence, also includes a finding of sufficiency of the evidence. Smith at ¶ 9, quotingState v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
 {¶ 13} Defendant was found guilty of, and appeals his convictions for, RSP, in violation of R.C. 2913.51(A) and Forgery, in violation of R.C. 2913.31(A)(3). The RSP statutes provides that "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A). Defendant argues that he did not know, or have reasonable cause to believe, that the check he attempted to cash or the car keys in his possession were stolen.
 {¶ 14} The forgery statute provides that "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * [u]tter, or possess with purpose to utter, any writing that the person knows to have been forged." R.C.2913.31(A)(3). "Utter" is defined in R.C. 2913.01 as: "to issue, publish, transfer, use, put or send into circulation, deliver or display." R.C. 2913.01(H). Defendant's convictions can be upheld upon a finding that it was not against the manifest weight of the evidence for the jury to find that Defendant, knowing, or having reason to know, that the check was stolen, presented it for payment knowing that the signature was forged. Defendant's misdemeanor conviction will be upheld upon a showing that Defendant retained or received victim's keys having reason to believe that they were stolen. A review of the trial testimony and evidence in this case illustrates that Defendant's contentions as to evidence supporting his convictions lack merit.
 {¶ 15} Gregory Crowe, a co-defendant, testified that he and Gerald Farhat stole checks out of a van belonging to William Herbst, the victim in this case. Crowe and Farhat picked up Defendant, who was at a friend's house, and asked him if he would cash a check for them. Defendant agreed and, in front of Defendant, Farhat wrote out the check and gave it to Defendant. Crowe testified that Defendant "knew [that the check] was stolen." Crowe told Defendant that he and Farhat had successfully cashed a number of the stolen checks before.
 {¶ 16} The check that Defendant had been given was from American Insulation, and the address and name of that company was written on the top left hand portion of the check. Further, Defendant witnessed Gerald Farhat, a person whom he knew, sign the check using the name "William Herbst." Defendant then took that check, having been told that it was stolen, and presented it to the bank to be cashed.
 {¶ 17} Defendant was to receive $30 for cashing the check, and with the remainder of the money (over $200) Crowe, Farhat and Defendant intended to purchase beer, gas, and cocaine.
 {¶ 18} Crowe testified that in addition to stealing the checks and items out of victim's van, they had actually stolen the entire van as well. The keys to that van, according to Crowe, had been given to Defendant, and were in Defendant's possession when he was arrested.
 {¶ 19} Defendant contends that he did not know that the check he was attempting to cash was stolen, and that the keys in his possession had been found on the ground. Defendant does not allege that he thought that Farhat, who wrote and signed the check was really William Herbst (whose signature Farhat wrote on the check).
 {¶ 20} When conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony. SeeState v. Warren (1995), 106 Ohio App.3d 753, 760.
 {¶ 21} When determining whether a conviction was against the manifest weight of the evidence, the appellate court decides whether the `"jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Williams,99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 83, quoting State v. Martin
(1983), 20 Ohio App.3d 172, paragraph three of the syllabus. This is not such a case. "This Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other." State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940, at 9, citing State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4.
 {¶ 22} After reviewing the record, we do not find that the "`trier of fact clearly lost its way." Smith at ¶ 8, quotingOtten, 33 Ohio App.3d at 340. In this case, the jury could have weighed the given testimony and concluded that Defendant knew that the check was stolen and that the signature was not authentic when he presented it for payment. Further, the jury could have found that Defendant knew that the keys in his possession were stolen. Upon careful review of the record and testimony presented at trial, we hold that the jury did not convict Defendant of RSP and forgery contrary to the manifest weight of the evidence. Subsequently, we find that the State produced sufficient evidence to support these convictions. Accordingly, Defendant's second and third assignments of error are overruled.
 {¶ 23} We sustain Defendant's first assignment of error and remand for the trial court to correct its errors. Defendant's remaining assignments of error are overruled.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Moore, J., concurs.
[1] The State, in fact, filed a motion on January 11, 2006 asking the court to correct the clerical errors. Said motion, as of the writing of this opinion, has not been ruled upon.